UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| THE INNOCENCE PROJECT, INC., | Civil File No. 12-2174 (RHK/JSM) |
| Plaintiff, | |
| v. | **CONSENT DECREE AND STIPULATED PERMANENT INJUNCTION** |
| FAMILY INNOCENCE PROJECT, INC., | |
| Defendant. | |

## RECITALS

A. Plaintiff The Innocence Project, Inc. ("Innocence Project") is a non-profit New York corporation with its principal place of business in New York, New York.

B. Defendant Family Innocence Project, Inc. ("FIP") is a non-profit Minnesota corporation with its principal place of business in West St. Paul, Minnesota.

C. Since at least as early as 1994, Innocence Project or its predecessors in interest have used the INNOCENCE PROJECT service mark in connection with legal services and educational services in the field of criminal justice.

D. Innocence Project is the owner of U.S. Trademark Reg. No. 2,852,350, a registration of the INNOCENCE PROJECT mark for "Legal services; promoting the interests of criminal defendants in the field of politics" and "Educational services, namely, conducting classes, seminars, conferences, clinics, and workshops in the field of criminal justice" with an application date of December 20, 2000 and a registration date of

June 15, 2004 (the "INNOCENCE PROJECT Registration").  The INNOCENCE PROJECT Registration is valid and subsisting.

E. Innocence Project, either directly or through its trademark licensee, has used the INNOCENCE PROJECT mark in Minnesota since well prior to 2011.

F. In 2011, FIP began using the mark FAMILY INNOCENCE PROJECT in connection with services designed to keep families out of court and resolve conflicts and injustices peacefully.  At some point during or after 2011, FIP may also have begun using the mark FAMILY COURT INNOCENCE PROJECT, in connection with the same services.

G. On or around June 28, 2011, FIP filed an application with the Minnesota Secretary of State, which was later granted, to incorporate in Minnesota under the business name Family Innocence Project, Inc.  On or around March 16, 2012, FIP filed an application with the Minnesota Secretary of State, which was later granted, to adopt the assumed names "Family Innocence Project" and "Family Court Innocence Project."

H. In September 2011, Innocence Project notified FIP that it objected to FIP's use of the FAMILY INNOCENCE PROJECT mark and requested that FIP cease and desist such use.

I. On September 5, 2012, Innocence Project commenced this lawsuit—*The Innocence Project, Inc. v. Family Innocence Project, Inc.*, Civil No. 12-2174—in the United States District Court for the District of Minnesota, asserting claims for trademark infringement and unfair competition under 15 U.S.C. §§ 1114 and 1125(a), respectively, and for deceptive trade practices under Minn. Stat. 325D.43, *et seq.* (the "Civil Action").

J.      During the pendency of the Civil Action, FIP registered the domain names ProjectFamilyInnocence.org and ProjectFamilyInnocence.com and began limited use of the name and service mark FAMILY INNOCENCE A NON-PROFIT PROJECT.

## **DECREE AND INJUNCTION**

Based upon the consent of the parties and their attorneys, in order to resolve this dispute without further expense and without any admission of liability by either party, it is hereby ORDERED, ADJUDGED, and DECREED that:

1. This Court has jurisdiction over the Civil Action and the parties.

2. Innocence Project is the owner of all rights in the INNOCENCE PROJECT mark, as described in the INNOCENCE PROJECT Registration.

3. The INNOCENCE PROJECT Registration is valid and subsisting.

4. Subject only to the schedule provided in paragraph 5, below, FIP and its officers, agents, successors, assigns, parents, affiliates, subsidiaries, servants, partners, employees, directors, attorneys, representatives, and all persons, firms and corporations in active concert or participation with them, are permanently restrained and enjoined from using as a trademark, service mark, business name, domain name, within a logo, or in any other way to identify itself or its services—in whatever medium—any phrase or other combination of words that includes both the words "INNOCENCE" and "PROJECT" (each such phrase or other combination of words a "Prohibited Name"), however stylized, capitalized, punctuated, written, spoken, or emphasized, including without limitation "FAMILY INNOCENCE PROJECT," "FAMILY COURT INNOCENCE PROJECT," and "FAMILY INNOCENCE A NON-PROFIT PROJECT."

5.      FIP will comply with the following schedule:

<u>No later than November 10, 2013</u>:  FIP will destroy any unused printed materials in its possession or control (including, without limitation, business cards, stationery, business forms of any kind, advertisements, fliers, brochures, pamphlets, and invitations) containing a Prohibited Name.  *For the elimination of doubt*:  FIP is not required to destroy any business forms already used to record information, copies of stationery previously used for correspondence, or other such materials that it would otherwise keep in its business files solely as a record of past activities or communications; nor is FIP required to collect any such materials previously distributed, in the normal course of its operations, to any third party.

<u>No later than November 20, 2013</u>:  FIP will revise all media within its control that is available on the Internet (including, without limitation, the Facebook page located at www.facebook.com/pages/The-Family-Innocence-Project/242290802459881, the LinkedIn page located at www.linkedin.com/company/2325561, the Twitter page located at twitter.com/FamilyInnocence/, the YouTube page located at www.youtube.com/familyinnocence and the websites located at www.FamilyInnocence.org and www.FamilyInnocence.com) to eliminate every occurrence of a Prohibited Name.  Such revision will include revisions to Internet addresses so that, for example, FIP will no longer use the Facebook address www.facebook.com/pages/The-Family-Innocence-Project/242290802459881,

4

which contains the Prohibited Name "The Family Innocence Project."  The only exceptions are 1) FIP is not required to edit audio or video files to delete occurrences of Prohibited Names that appear solely in the audible portion of any audio or video file which was available on the Internet as of October 20, 2013; and 2) FIP is not required to delete or edit the video located at http://www.youtube.com/watch?v=tpx2_3mHjUk.  FIP will transfer to Innocence Project the registrations of domain names that consist of or contain any Prohibited Name, including, without limitation, the registrations of the domain names ProjectFamilyInnocence.org and ProjectFamilyInnocence.com.

<u>No later than December 1, 2013</u>:  FIP will tender requests with the Minnesota Secretary of State sufficient to 1) change its corporate name (i.e., Family Innocence Project, Inc.) to any name that does not consist of or contain a Prohibited Name; and 2) cancel its assumed name registrations of "Family Innocence Project" and "Family Court Innocence Project," or amend them so that they do not consist of or contain a Prohibited Name.  FIP represents and warrants that it has not registered any other business names, of any kind, in any jurisdiction, that consist of or contain any Prohibited Name.

6. For the elimination of doubt, nothing in this decree prohibits FIP's use of the names "Family Innocence," or "Family Innocence A Non Profit," as a trademark, service mark, business name, domain name, within a logo, or as or within any other type of identifier—provided, of course, that such identifier does not also contain the word

"project"— and, accordingly, FIP may maintain the registration of and continue to use the domain names FamilyInnocence.com and FamilyInnocence.org.

7. Innocence Project agrees not to use in the future "Family Innocence Project" or "Family Court Innocence Project" as a trademark, service mark, business name, or domain name. Innocence Project further agrees not to attach any content to the domain names ProjectFamilyInnocence.org and ProjectFamilyInnocence.com (after the transfer of those registrations to it under the terms of this agreement), though it may renew and maintain those registrations forever.

8. Apart from entry of this Consent Decree And Stipulated Permanent Injunction, all other claims in the Civil Action are hereby dismissed with prejudice, each party to bear its own costs and attorney fees.

9. The Court shall retain jurisdiction over this matter to ensure compliance with the terms of this Consent Decree And Stipulated Permanent Injunction.

10. There shall be no appeal from this Consent Decree And Stipulated Permanent Injunction.

The undersigned consent to entry of this Consent Decree And Stipulated Permanent Injunction without further notice.

*[Remainder of this page intentionally blank.]*

| | |
|---|---|
| On behalf of: | On behalf of: |
| THE INNOCENCE PROJECT, INC. | FAMILY INNOCENCE PROJECT, INC. |
| By:  s/Madeline deLone | By:  s/Michelle L. MacDonald |
| Date:  11/12/2013 | Date:  11/16/2013 |
| As Counsel for: | As Counsel for: |
| THE INNOCENCE PROJECT, INC. | FAMILY INNOCENCE PROJECT, INC. |
| By:  s/Heather D. Redmond | By:  s/Athena M. Hollins |
| Date:  11/13/2013 | Date:  11/18/2013 |

DORSEY & WHITNEY LLP
Heather D. Redmond
Mark D. Wagner
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600

*Attorneys for Innocence Project*

Athena M. Hollins
1069 So. Robert Street
West St. Paul, MN
Telephone (651) 222-4400

*Attorney for FIP*

**SO ORDERED**:

Dated:  November 21, 2013

**BY THE COURT**

s/Richard H. Kyle
Richard H. Kyle
United States District Court Judge